## Bostwick *v.* Williams.

(April Term, 1864.)

1. PARTIES — *where one of several defendants in error dies.* Where two payees of a promissory note recover judgment thereon, and the defendant sues out a writ of error to reverse the same, in the event of the death of one of the defendants in error, the payees in the note, pending the writ of error, the suit

8—40TH ILL.

must be prosecuted against the survivor alone; the representatives of the deceased defendant in error cannot be joined, in such case, with the survivor.

2. ABSTRACTS — *a special rule* upon the plaintiff in error to file an abstract of the record is necessary before the cause will be dismissed or continued for want of an abstract.

3. If the plaintiff shall fail to file an abstract within the time required by the standing or special rule, then the other party may do so, if he desires a hearing, and have the costs taxed.

4. In case neither party shall furnish an abstract, and no special rule has been entered, the cause will be continued or dismissed, at the discretion of the court, upon being reached on a call of the docket.

WRIT OF ERROR to the Circuit Court of Warren county.

This was an action of assumpsit instituted in the court below, in the names of Archibald Williams and John H. Williams, for the use of Solomon Straus, against Bostwick, upon a promissory note executed by the latter to the nominal plaintiffs. Judgment being rendered against the defendant in the Circuit Court, he sued out this writ of error. The record of the proceedings in the court below was filed in this court in May, 1863. After the writ of error was sued out, as is suggested of record, the said Archibald Williams departed this life.

At the April Term, 1864, of this court, Mr. W. C. GOUDY, on behalf of the defendants in error, moved for a rule upon the plaintiff to file an abstract of the record.

Mr. GOUDY cited the tenth rule, in regard to the time within which the abstract should be filed.

Messrs. BULL & NASH, in opposition to the motion, suggested that it ought not to be allowed until the proper representatives of the deceased defendant were made parties, which, if done at this term, would operate as a continuance.

Mr. GOUDY, in reply, insisted that such representatives could not be made parties to this suit; it must be prosecuted against the survivor. Citing sections nine and thirteen, chapter entitled "Abatement," Rev. Stat. 1845.

Per CURIAM: The suit must be prosecuted against the survivor. The representatives of the deceased defendant in error cannot properly be joined with the surviving defendant in this suit. It is a well-settled principle that if one of several payees of a promissory note die, the right of action is in the survivor alone. So, upon writ of error sued out by the defendant in a judgment upon such a note, rendered in favor of the several payees, if one of the payees, the defendants in error, shall afterward die, the right of action is against the survivor, to the exclusion of the representatives of the deceased defendant.

In regard to the immediate object of this motion, a special rule upon the plaintiff to file an abstract of the record is necessary, in view of the standing rule (Rule 10) on that subject, before the cause will be dismissed or continued. When the plaintiff files a written abstract, it is the duty of the clerk to have the required number of copies printed, if money is furnished him for that purpose. If the plaintiff should fail to file a written abstract within the time required by the standing or special rule, then the other party may, if he desires a hearing of the cause, do so, and have the costs taxed. In case neither party shall furnish an abstract and no special rule has been entered, the cause will be continued or dismissed, at the discretion of the court, upon being reached on the call of the docket.

*Motion denied.*